

FILED

05/04/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0041

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0041

RALPH FISHER and BEVERLY FISHER,

    Plaintiffs and Appellees,

v.

LYLE DeSHAW; DeSHAW AGENCY, INC.;
HEARTLAND CROP INSURANCE, INC.; and
JOHN DOES I-V,

    Defendants and Appellants.

O R D E R

Plaintiffs and Appellees Ralph Fisher and Beverly Fisher (Fishers), via counsel, have moved to dismiss this appeal. Defendant and Appellant Heartland Crop Insurance, Inc., has responded in support of Fishers' motion to dismiss. Defendants and Appellants Lyle DeShaw and DeShaw Agency, Inc. (DeShaws), have responded in opposition.

On December 23, 2020, the Fifteenth Judicial District Court, Sheridan County, filed its Comprehensive Order on Motions Following May 20, 2020 Hearing (Comprehensive Order), in which, pertinent to the present matter, it denied two motions DeShaws had filed: a motion for summary judgment and a motion for leave to amend their answer to include an affirmative defense.

On January 22, 2021, DeShaws filed a Notice of Appeal in this Court. In the Notice, DeShaws represented that the Comprehensive Order was "a denial of a motion for summary regarding subject matter jurisdiction" and that it is immediately appealable pursuant to M. R. App. P. 6(3)(c).

Fishers have now moved to dismiss the appeal as premature. They argue that the Comprehensive Order is not appealable pursuant to M. R. App. P. 6(5)(a)-(b) because it is an order denying a motion for summary judgment and it does not adjudicate all the claims between the parties. In their motion to dismiss, Fishers anticipate that DeShaws will assert

that the motion for summary judgment was effectively a motion to dismiss for lack of subject matter jurisdiction. Fishers counter that DeShaws did not raise a subject matter jurisdiction argument below and Montana's state district courts have the jurisdiction to hear a negligence claim such as this.

In their response in opposition, DeShaws argue that the District Court's denial of their motion for summary judgment "carried the same effect" as a denial of a motion to dismiss for lack of subject matter jurisdiction and this Court should therefore allow their appeal to proceed. They argue that the issue raised before the District Court, while presented as a motion for summary judgment, was in substance a motion to dismiss for lack of subject matter jurisdiction. However, DeShaws do not refute Fishers' assertion that DeShaws did not explicitly raise subject matter jurisdiction as the basis for their motion before the District Court. In the brief supporting their motion for summary judgment before the District Court, DeShaws argued that Fishers' claim against DeShaws relates to Multiple Peril Crop Insurance coverage and as such Fishers must obtain a determination from the Federal Crop Insurance Corporation prior to any award against DeShaws on Fishers' state law claims pursuant to the applicable federal regulations.

Under M. R. Civ. P. 56, summary judgment is to be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A material fact is a fact that involves the elements of the cause of action or defenses at issue to an extent that necessitates resolution of the issue by a trier of fact. The party moving for summary judgment has the initial burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. If the movant meets this burden, then the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists. *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200 (citations and internal quotations omitted).

2

In this case, the District Court determined that DeShaws did not meet their initial burden as movants to establish the absence of genuine issues of material fact in part because material facts remain in dispute as to whether insurance was obtained. Based on DeShaws' briefing and the resulting Comprehensive Order, Fishers argue in their motion to dismiss this appeal that the District Court only denied a motion for summary judgment and did not deny a motion to dismiss for lack of subject matter jurisdiction because DeShaws did not characterize their arguments as such.

We are not persuaded by DeShaws' argument that the District Court's denial of summary judgment was effectively the same as a denial of a motion to dismiss for lack of subject matter jurisdiction. As noted above, M. R. App. P. 6(5) provides in relevant part that orders denying motions for summary judgment are not appealable. Although M. R. App. P. 6(3)(c) provides that an order denying a motion to dismiss for lack of subject matter jurisdiction is appealable, in this case we do not have such an order. Moreover, M. R. App. P. 6(3) also provides that a party may appeal from the types of orders enumerated within the Rule only when "the order is the court's final decision on the referenced matter[.]" Where the District Court found that the existence of insurance is a question of fact, the court's ruling is not final because the ultimate determination of this question of fact may provide the answer regarding jurisdiction.

Regarding their appeal of the District Court's denial of their motion to amend, DeShaws concede that the immediate appeal of such an order is not provided for in the Rules. Rather, DeShaws urge this Court to suspend the Rules and allow their appeal to proceed under M. R. App. P. 29. Relying on *Durden v. Hydro Flame Corp.*, 1998 MT 47, ¶ 19, 288 Mont. 1, 955 P.2d 160, DeShaws argue that this Court has previously suspended the Rules in the interest of judicial economy to eliminate the need for a second appeal or a second trial. DeShaws assert that in this case, the District Court's denial of their motion to amend "could result in multiple trials over the same claims and facts" if they are not allowed to immediately appeal the ruling.

In *Pickett v. Cortese*, 2014 MT 166, ¶ 23, 375 Mont. 320, 328 P.3d 660, we denied an appellant's request that we suspend the Rules to review an order denying a motion for summary judgment. In doing so, we distinguished *Durden*, noting that in *Durden*, unlike *Pickett*, the facts were such that the necessity for a second appeal or a second trial was a "near certainty" if we did not suspend the Rules to review the order at issue. In the present case, DeShaws offer only that allowing the District Court's ruling to stand "could" lead to multiple trials. We find this insufficient cause to suspend the Rules in this instance.

We conclude that Fishers' motion to dismiss is well-taken. The Comprehensive Order is not properly before this Court on appeal at this time.

IT IS THEREFORE ORDERED that this appeal is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court. The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 4th day of May, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

4